UNITED STATES of America, Plaintiff–Appellee,

v.

Angel C. RODRIGUEZ, Defendant–Appellant.

No. 04–50919.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Mary Ellen Mimi Smith, Law Offices of Mary Ellen Smith, Alpine, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Angel C. Rodriguez appeals the sentence imposed following his convictions relating to marihuana possession and distribution. He argues that the district court plainly erred in sentencing him under the mandatory Sentencing Guidelines held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Sentencing a defendant pursuant to a mandatory guidelines scheme, without an accompanying Sixth Amendment violation, constitutes "Fanfan" error. *See United States v. Villegas,* 404 F.3d 355, 364 (5th Cir.2005). Rodriguez has met the first two prongs of the plain error test because Fanfan error is "error" that is "plain." *United States v. Martinez–Lugo,* 411 F.3d 597, 600 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005). Rodriguez, however, has not borne his burden of showing that the error affected his substantial rights. *Id.* The district court sua sponte reduced Rodriguez's offense level and sentenced him to the bottom of the applicable guidelines range; however, such leniency is, standing alone, insufficient to meet the third prong of the plain error analysis where, as here, "[t]he record offers no basis for inferring that, had he used the guidelines as advisory, the court would have reduced the sentence." *Id.* at 601 (internal quotation marks and citation omitted); *see also United States v. Bringier,* 405 F.3d 310, 317 n. 4 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 264, 163 L.Ed.2d 238 (2005).

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.